UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PATRICIA MURRAY, Personal Representative of the Estate of JOESPH MURRAY and PATRICIA MURRAY, Surviving Spouse,<br><br>    *Plaintiffs*,<br><br>v.<br><br>AIR & LIQUID SYSTEMS CORP., ET AL.,<br><br>    *Defendant*. | No. 3:18-cv-00889 (MPS) |

**RULING ON MOTION FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

This action by Plaintiff Patricia Murray ("Plaintiff"), in her individual capacity and as a representative of Joseph Murray's estate, includes several product liability claims, a recklessness claim, and a loss of consortium claim, all of which stem from Mr. Murray's alleged exposure to asbestos from products manufactured or marketed by Defendants. ECF No. 35. Defendant CBS Corporation ("CBS") has filed a motion for summary judgment as to all claims against it, ECF No. 54, which no party has opposed. CBS argues that there is insufficient evidence from which a reasonable jury could conclude that Mr. Murray was exposed to asbestos from CBS's products. For the reasons that follow, I agree and therefore grant CBS's motion.

**II.    LEGAL STANDARD**

"Summary judgment is appropriate only if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (internal quotation marks and citations omitted). "A genuine dispute of material fact exists for summary judgment purposes where the evidence, viewed in the light most favorable to the nonmoving party, is such that a reasonable jury could

1

decide in that party's favor." *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 843 (2d Cir. 2013). The moving party bears the burden of demonstrating that no genuine issue exists as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). With respect to any issue on which the moving party does not bear the burden of proof, it may meet its burden on summary judgment by showing that there is an absence of evidence to support the nonmoving party's case. *See id.* at 325. If the moving party carries its burden, "the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011).

In reviewing the summary judgment record, a court must "construe the facts in the light most favorable to the nonmoving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Caronia v. Phillip Morris USA, Inc.*, 715 F.3d 417, 427 (2d Cir. 2013). Even if a motion is unopposed, the Court may not grant summary judgment unless it determines that the moving party is entitled to judgment as a matter of law. *See Vermont Teddy Bear Co. v. 1–800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir.2004).

## III. DISCUSSION

CBS has filed a Local Rule 56(a)1 Statement ("56(a)1 Statement"), ECF No. 54. Because CBS's motion is unopposed, the facts set forth in the 56(a)1 Statement are deemed admitted and, to the extent that they are supported by evidence in the record, are incorporated by reference herein.[1]

---

[1] "[I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion." *Vermont Teddy Bear Co.*, 373 F.3d at 244.

2

CBS argues that all of Plaintiff's claims against it fail because Plaintiff has produced no evidence from which a jury could reasonably conclude that a product manufactured by CBS caused Plaintiff's injuries. I agree. Plaintiff's claims of strict liability, negligence, breach of warranty, and failure to warn all fall under the ambit of the Connecticut Products Liability Act ("CPLA"). Conn. Gen. Stat. § 52-572m(b) (defining "product liability claim" to include actions based on theories of "[s]trict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent or innocent; [and] misrepresentation or nondisclosure, whether negligent or innocent."). The CPLA provides the exclusive remedy for claims falling within its scope. *Winslow v. Lewis-Shepard, Inc.*, 212 Conn. 462 (1989).

Each of Plaintiff's claims under the CPLA includes causation as an essential element. *See Potter v. Chicago Pneumatic Tool Co.*, 241 Conn. 199, 214 (1997) ("[I]n order to recover under the doctrine of strict liability in tort, the plaintiff must prove that: . . . (3) the defect caused the injury for which compensation was sought . . . ."); *Bifolck v. Philip Morris, Inc.*, 324 Conn. 402, 442-43 (2016) ("[T]he essential elements of a cause of action in negligence are well established: duty [of care]; breach of that duty; causation; and actual injury."); *DeJesus v. Craftsman Machinery Co.*, 16 Conn. App. 558, 573 (1988) (Conn. Gen. Stat. § 52-572q(c) requires Plaintiffs to "prove by a fair preponderance of the evidence that if adequate warnings or instructions had been provided, the claimant would not have suffered the harm"); *Theodore v. Lifeline Systems Company*, 173 Conn. App. 291, 308 (2017) ("Proof that a defect in the product caused the injury in controversy is a prerequisite to recovery for product-caused injury in every products liability case, whether the action is grounded on negligence, breach of warranty, strict

3

liability in tort, fraud and deceit or misrepresentation, principles of admiralty, or a combination of such theories . . . ." (internal quotation marks omitted)).

To show causation, a plaintiff must prove both actual causation and proximate causation. An "actual cause" is also a "proximate cause" only if the actual cause was a "substantial factor" in bringing about the plaintiff's injuries. *Theodore*, 173 Conn. App. at 309; *see also Heilweil v. ABB, Inc.*, 2004 WL 2284114, at *1 (Conn. Super. Ct. Sept. 14, 2014) ("In a products liability/asbestos claim a plaintiff must 1) identify an asbestos-containing product for which a defendant is responsible, 2) prove that he has suffered damages, and 3) prove that defendant's asbestos-containing product was a substantial factor in causing his damages." (internal citations and quotation marks omitted)). "A party may prevail on an asbestos product liability claim through the use of direct or circumstantial evidence." *Bray v. Ingersoll-Rand Co.*, 2015 WL 728515, at *4 (D. Conn. Feb. 19, 2015).

Here, there is insufficient evidence from which a jury could reasonably conclude that CBS's products caused Plaintiff's injury. The only evidence that even suggests a connection between products manufactured by CBS and Plaintiff's injury is the following reference to "Westinghouse" [2] turbines in a deposition of Mr. Murray in another case.

> Q. How about with regard to the Triton,[3] do you recall who manufactured or supplied the turbines, valves or generators on board the Triton?
> A. No. I had so many over the years. I couldn't specifically say which ones were which.
> Q. That's fair.
> A. Other than they were GE and they were Westinghouse.
> Q. So generally you recall seeing GE and Westinghouse and other turbines in the yard on the boats but you can't describe for me which boats each manufacturer was on, is that fair to say?

---

[2] CBS is the successor to Westinghouse Electric corporation ("Westinghouse"). ECF No. 54 at 4 n.1.
[3] The Triton is one of the submarines Mr. Murray worked on.

A. That's fair to say.

ECF No. 54 at 45. By itself, this testimony is insufficient to support an inference of causation. Interpreted in the light most favorable to Plaintiff, it indicates only that many or even most of the turbines at Mr. Murray's workplace were manufactured by GE and Westinghouse. *See Paquin v. Crane Co.*, 2017 WL 1217094 at *3 (D. Conn. Mar. 31, 2017) (evidence that Defendant's equipment was "utilized on many, if not most, submarines constructed or overhauled at Electric Boat during [Plaintiff's] period of employment" was insufficient to support the inference that plaintiff was exposed to Defendant's equipment). It does not, however, indicate whether Mr. Murray ever actually worked on a submarine with a Westinghouse turbine, nor does it indicate whether Mr. Murray performed any tasks on a Westinghouse turbine that would have exposed him to respirable asbestos fibers. Even if Mr. Murray's testimony were interpreted to indicate that all of the turbines, valves and generators on the Triton were manufactured by GE or Westinghouse, this still does not support an inference that exposure to Westinghouse equipment caused Mr. Murray's injury because it does not indicate which of the two manufacturers' equipment Mr. Murray worked on. There is no further evidence indicating that Mr. Murray was exposed to CBS's products that might bolster the causal inference. Neither the job list provided by Mr. Murray, ECF No. 54 at 36, nor his handwritten notes describing his job responsibilities, *id.* at 38-40, nor his answers to Defendants' interrogatories, *id.* at 24-35, provide any further evidence linking his alleged injury to CBS or Westinghouse products. Because causation is an essential element of all of Plaintiff's CPLA claims, CBS's motion for summary judgment as to these claims is GRANTED.

Plaintiff's Second Amended Complaint also includes claims for loss of consortium and recklessness. To the extent that Plaintiff's recklessness claim is not barred by the CPLA, *see Zarikos v. Signature Bldg. Systems, Inc.*, 2009 WL 1140457, at *5 (Conn. Super. Ct. Mar. 24,

5

2009) (striking common-law recklessness claim as precluded by the exclusivity provision of the CPLA), this claim, like Plaintiff's product liability claims, would also require Plaintiff to show causation. *See, e.g.*, *Malangone v. Ciccone*, 2015 WL 9897704, at *5 (Conn. Super. Ct. Dec. 14, 2015) ("In order to prevail on his recklessness claims, the plaintiff must prove that the defendant engaged in reckless conduct that proximately caused him injury."). CBS's motion for summary judgment as to the recklessness claim is therefore GRANTED.

Having granted summary judgment as to Plaintiff's product liability and recklessness claims, I must also grant summary judgment as to Plaintiff's loss of consortium claim, which is a derivative claim. *See, e.g.*, *Voris v. Molinaro*, 302 Conn. 791, 797 (2011) (describing the "derivative nature" of a loss of consortium claim and holding that settlement of the predicate claim extinguishes a loss of consortium claim); *Reed v. 3M Co.*, 2015 WL 4380102, at *8 (Conn. Super. Ct. June 12, 2015) ("[T]he loss of consortium claim is lost, diminished or barred when the injured person's claim is so affected.").

Likewise, because any cross-claim for indemnification or contribution under the CPLA would also require the cross-claimant to show that Plaintiff's injury was caused by exposure to CBS's products, CBS's motion for summary judgment as to any cross-claims against it is also GRANTED. *See, e.g.*, *Burkert v. Petrol Plus of Naugatuck, Inc.*, 216 Conn. 65, 74 (1990) (claim of indemnification requires a plaintiff to establish that "[the defendant's] negligence, rather than the plaintiff's, was the direct, immediate cause of the accident and injuries").

## IV.    CONCLUSION

For the reasons set forth above, CBS's motion for summary judgment, ECF No. 54, is GRANTED as to all of Plaintiff's claims against it as well as any cross-claims against it.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
February 20, 2020